*Augustus S. Miller & Arthur L. Brown*, for petitioner.

## WASHINGTON COUNTY.

———+———

Jonathan Maxon *et al vs.* Nancy C. Gray *et als.*

Neither an assurance given by a widow when contracting a debt that she would pay it out of her dower estate, nor an allegation in a bill in equity that the widow, fraudulently colluding with the heirs, occupied lands without assignment of dower, can give a court of equity jurisdiction on the ground of fraud.

Mere non-action, in the absence of legal duty to act, is not cognizable in equity as fraud.

*Maxon* v. *Gray*, 14 R. I. 641, affirmed.

*Keene, Petitioner, ante*, p. 294, distinguished.

Bill in Equity to satisfy a judgment debt out of a right of dower. On demurrer to the bill.

After the opinion given in this case, *Maxon* v. *Gray*, 14 R. I. 641, the complainants, June 11, 1885, amended their bill. To the amended bill the respondents demurred.

*Providence, February* 19, 1887. Per Curiam. Since our former decision in this case, the bill has been amended by alleging

that the debt for which the complainants recovered judgment was contracted by the defendant, Nancy C. Gray, under an assurance on her part that she would pay it out of her dower right or estate, or out of the income and profits thereof, and in the expectation on the part of the complainants that she would do so; and by further alleging, in substance, that the said Nancy, acting fraudulently and in collusion with the heirs, occupies and enjoys the entire estate in which she is entitled to dower, with the consent of the heirs, and refrains from having her dower assigned, purposely, so that the complainants shall not be able to levy their execution upon it. The complainants contend that these amendments introduce the element of fraud required to give the court jurisdiction.

The first amendment simply alleges an assurance which may have been given, for anything that appears, in entire good faith, and we do not think that a failure to fulfil it amounts in law to a fraud. Indeed, we do not see how it puts the widow under any stronger duty, in point of law, than she would have been under without it, by reason of her general obligation to pay her debts, unless it was of such a nature as to bind her estate, and the complainants do not claim relief on that ground. We do not see that the second amendment materially alters the bill. Merely to characterize an act or omission as fraudulent or collusive is not enough, but the allegation must be such that the court can see, without the epithets, that the act or omission is fraudulent. The allegation here is, not that said Nancy has done anything to put her property beyond, but only that she refrains from doing anything to bring it within, the reach of legal process. We do not think this is such fraud as gives jurisdiction in equity. A debtor, who has property in such form that it is not attachable, is under no legal duty to his creditors to convert it into a form in which it will be attachable, and, in our opinion, mere inaction, when there is no legal duty to act, is not cognizable as fraud in equity, whatever motives may influence the non-acting party. It may be thought that this view does not accord with the view taken in *Keene, Petitioner, ante,* p. 294. The question in that case was whether a debtor owning a patent right, which being intangible was incapable of seizure on execution, was liable to commitment under

Pub. Stat. R. I. cap. 222, § 14, for fraud in the detention of his property, if, still retaining the patent right, he refused to pay his debt. The court was of opinion that the debtor was guilty of " fraud in the detention," within the meaning of the statute ; the provision for arrest on execution being designed for the case of debtors who have property not exempt, which they refuse to use, if necessary, for the payment of their debts. We think, however, that the statute was only intended to determine in what cases exe cution was issuable against the body, and that it was no part of its purpose to enlarge the jurisdiction in equity. If a creditor desires the benefit of the statute, he should proceed under it.

*Demurrer sustained.*

*Thomas H. Peabody,* for complainant.
*Crafts & Tillinghast,* for respondents.